UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LADONNA R. FORY, INDIVIDUALLY AND AS NEXT FRIEND OF S.O.F., A MINOR CHILD; AUSTIN TAYLOR STARKS; AND DALTON TAYLOR, PLAINTIFFS, VS. TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, DEFENDANT. | CIVIL ACTION NO. SA-15-CA-0825 |

# PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Now come LADONNA R. FORY, INDIVIDUALLY AND AS NEXT FRIEND OF S.O.F., A MINOR CHILD; AUSTIN TAYLOR STARKS; and DALTON TAYLOR, hereinafter referred to as Plaintiffs in the above styled and numbered cause, complaining of TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, hereinafter referred to as the Defendant, and for cause of action would respectfully show unto the Court the following:

## PARTIES

1. Plaintiff LaDonna R. Fory resides in Bexar County, Texas, and is a citizen of Texas. She is the natural parent and next friend of her minor child, S.O.F.

2. Plaintiff S.O.F. resides with his mother, and is a citizen of Texas.

3. Plaintiff Austin Taylor Starks resides in Bexar County, Texas, and is a citizen of Texas.

4. Plaintiff Dalton Taylor resides in Harris County, Texas, and is a citizen of Texas.

5.     Defendant Transamerica Premier Life Insurance Company is a foreign insurance company authorized to sell insurance products in Texas, and formerly known as Monumental Life Insurance Company. Defendant may be served with process by serving its agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3140.

## JURISDICTION

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States or citizens of a State and citizens or subjects of a foreign state. To the extent this civil action arises under state law, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1367 (supplemental jurisdiction). Additionally, this Court has personal jurisdiction over Defendant since Defendant conducts business in Texas.

## VENUE

7.     Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(a) because all or a substantial portion of the events giving rise to Plaintiffs' causes of action occurred in an area located within the Western District of Texas; specifically, a majority of the Plaintiffs was denied coverage under the life insurance policy at issue in the Western District, and said policy covered the life of a decedent whose death occurred in the Western District. Venue is also proper in the Western District of Texas because most if not all of the payments for the life insurance policy at issue were made while the decedent resided within an area located in the Western District of Texas. See 28 U.S.C. § 1391(a).

**FACTUAL BACKGROUND**

8.     This case involves life insurance benefits payable under an accidental death policy (hereinafter, the "Policy") originally issued to Margie Hale (hereinafter, "Decedent") by Defendant's predecessor-in-interest, Peoples Benefit Life Insurance Company.  Under information and belief, Peoples Benefit Life Insurance Company merged with Defendant, and Defendant acquired all legal rights and obligations to the Decedent and Plaintiffs under the Policy.

9.     The Policy was issued to the Decedent with the identifier of Policy 00M0-7XWA, on or about December 4, 2003.  By way of a written designation executed on or about May 24, 2007, the Decedent named Plaintiff LaDonna R. Fory (Decedent's daughter), Plaintiff S.O.F. (Decedent's grandson), Plaintiff Austin Taylor Starks (Decedent's grandson), and Dalton Taylor (Decedent's good friend) as the beneficiaries of the Policy.

10.    All premiums were timely paid on this policy.  On or about February 21, 2011, the Decedent passed away.  Plaintiffs made timely and proper demands for payment of the benefits of the life insurance policy, and provided Defendant with all items necessary for an evaluation of their claims; however, Defendant has failed and refused to pay the Policy benefits to Plaintiffs.

**CAUSE OF ACTION - BREACH OF CONTRACT**

11.    Although all premiums due under the Policy were timely and fully paid; and although Plaintiffs cooperated fully with Defendant during the claims process; and despite the fact that all conditions precedent to recovery have occurred, Defendant has failed and refused to pay to Plaintiffs the benefits due under the Policy, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

12. It is Plaintiff's contention that Defendant's conduct constitutes breach of contract. To wit, (a) a valid and enforceable insurance contract exists between Defendant and Plaintiffs; (b) Plaintiffs are proper parties to enforce the breach of this insurance contract; (c) Plaintiffs have fully performed under the insurance contract by way of the full payment of the insurance premiums; (d) Defendant has breached the insurance contract by refusing to pay the benefits specified in the Policy; and (e) Defendant's breach has caused injury to Plaintiffs.

## CAUSE OF ACTION - VIOLATION OF TEXAS PROMPT PAYMENT OF CLAIMS STATUTE, SECTION 542 OF THE TEXAS INSURANCE CODE

13. Defendant had all the information it needed to pay this claim no later than the time it formally denied the Plaintiffs' claims, which occurred by way of a letter dated September 19, 2011. As a result, this claim should have been accepted and paid on or before September 19, 2011.

## DAMAGES

14. Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein:

   a. Policy benefits in the amount of $100,000.00
   b. Penalty of 18% from September 19, 2011, until claim is paid
   c. Reasonable and necessary attorneys' fees for violations of Section 542 of the Texas Insurance Code

## ATTORNEYS' FEES

15. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiffs herein, including all fees necessary in the event of an appeal of this cause,

as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code and/or common law.

### PRE-JUDGMENT INTEREST

16. As a result of the injuries sustained by Plaintiffs as aforesaid, and in addition to such damages, Plaintiffs will show that they are entitled to pre-judgment interest on each separate element of damages as awarded by the jury during the trial of this case, from and after the date of accrual of such damages, through the date of judgment, with such interest to accrue at the highest prevailing rate then-applicable on the date of judgment.

### POST JUDGMENT INTEREST

17. As a result of the injuries sustained by Plaintiffs and in addition to such damages, Plaintiffs will show that they are entitled to post-judgment interest on damages awarded by the jury during the trial of this case, from and after the date of judgment, with such interest to accrue at the highest prevailing rate then-applicable until paid in full.

### COSTS OF SUIT

18. In addition, Plaintiffs seek all related costs of suit in this cause of action through the trial, post-trial, appeal, and/or post-judgment discovery, etc. of this matter.

**PRAYER**

19. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant herein be duly cited to appear and answer herein, and that upon final hearing of this suit, Plaintiffs have and recover judgment from the Defendant in an amount within the jurisdictional limits of this Court, together with post-judgment interest as allowed by law, plus reasonable costs of court, and for such other and further relief, both general and special, in law and equity, to which the Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,
**DREYER & MAZAHERI, P.L.L.C.**

*Rashin Mazaheri*

RASHIN MAZAHERI
State Bar No. 24055924
111 Soledad, Suite 110
San Antonio, Texas 78205
Telephone: (210) 472-1400
Telecopier: (210) 472-1404

ATTORNEYS FOR PLAINTIFFS