IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LADONNA R. FORY, INDIVIDUALLY AND AS NEXT FRIEND OF S.O.F., A MINOR CHILD; AUSTIN TAYLOR STARKS; AND DALTON TAYLOR, Plaintiffs, | § § § § § § | |
| V. | § § | CIVIL ACTION NO.  5:15-cv-00825-RP |
| TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, Defendant. | § § § § | DISPOSITIVE MOTION |

## DEFENDANT'S MOTION TO DISMISS CLAIMS OF LADONNA R. FORY, INDIVIDUALLY, AND DALTON TAYLOR

Defendant Transamerica Premier Life Insurance Company ("Transamerica" or "Defendant") files this Motion to Dismiss the Complaint of Ladonna R. Fory, Individually, and Dalton Taylor for failure to state a claim on which relief may be granted pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Local Rule CV-7(c).

### UNDISPUTED FACTS

1. Plaintiffs filed this lawsuit on September 18, 2015.  (Plaintiffs' Original Complaint, Document 1)(hereinafter referenced as Doc. 1).

2. Plaintiffs are beneficiaries under an Accidental Death Insurance Policy (the "Policy") issued to Margie Hale (the "Insured") by Peoples Benefit Life Insurance Company ("Peoples Benefit") (Doc. 1, p. 3, paras. 8 & 9).  A true and correct copy of the last beneficiary designation by the Insured is attached hereto as Exhibit "A."

3.     Plaintiffs assert causes of action for breach of contract and violation of Section 542 of the Texas Insurance Code[1] (Doc. 1, pp. 3-4, paras. 11-13).

4.     A true and correct copy of a specimen of the Policy issued to Margie Hale is attached hereto as Exhibit "B."[2]

5.     Defendant is the successor to Peoples Benefit (Doc. 1, p. 3, para. 8).

6.     The Insured passed away on February 21, 2011 (Doc. 1, p. 3, para 10).

7.     Each of the beneficiaries submitted claims for benefits under the Policy (Doc. 1, p. 3, para. 10).  A true and correct copy of the claim forms are attached hereto as Exhibit "C."

8.     On or about May 29, 2011, Plaintiff Ladonna R. Fory submitted a claim to Defendant for Plaintiffs S.O.F. and Austin Starks (Doc. 1, para. 10; Exh. "C"). Plaintiff S.O.F. is a minor (Doc. 1, p. 1, para. 1; Exh. "C").  Plaintiff Austin Taylor Starks turned 18 on August 12, 2014 (Exh. "C").

9.     On September 19, 2011, Defendant denied Plaintiffs' claims for benefits under the Policy. A copy of the denial letters are attached hereto as Exhibit "D."[3]

10.    The Policy contains certain conditions that must be followed in the event of a loss covered under the Policy (Exhibit "A," p. 3, Part VI).  The Policy provides written proof of loss must be given to Defendant "within 90 days after the loss or as soon as possible" (Exh. "A", p. 3, Part VI. C.).  However, the Policy sets a concrete deadline for proof of loss, which must be furnished "no later than one year from the time specified unless it was legally impossible to do so" (*Id*.).

---

[1] An insurer is "not liable for a violation of prompt-payment statute unless liable for underlying insurance claim. *Spicewood Summit Office Condos. Ass'n, Inc. v. Am. First Lloyd's Ins. Co.,* 287 S.W.3d 461, 468 n. 4 (Tex. App. 2009, pet. denied).
[2] The original of the Policy was sent to the Insured.  The terms set out in the attached specimen are identical to those in the original of the Policy.
[3] Monumental Life Insurance Company was a successor to Peoples Benefit.  Defendant is a successor to Monumental Life Insurance Company.

Defendants' Motion to Dismiss                                                                                                              Page 2

11. The Policy also contains a specific provision for legal actions. Specifically, the Policy provides a lawsuit cannot be brought against Defendant "after 3 years form the time written proof of loss is required" (Exh. "A", p. 5, Part VIII. A.).

## APPLICABLE LAW

12. In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), "the court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."[4] In deciding a Rule 12(b)(6) motion to dismiss, the facts alleged in the complaint are taken as true.[5]

13. A statute of limitations defense may be properly raised in a Rule 12(b)(6) motion to dismiss when the complaint affirmatively shows that the claims are time-barred.[6]

14. As a general rule, the statute of limitations for a breach of contract action is four years from the day the cause of action accrues.[7] However, parties may contract for a different period of time in which a party may file a breach of contract action.[8] This contractual right is limited by Section 16.070(a) of the Texas Civil Practice and Remedies Code, which provides:

> A person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years.

15. Texas law allows and Texas courts routinely enforce contractual limitations provisions in

---

[4] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).
[5] *Nathenson v. Zonagen Inc.*, 267 F.3d 400 (5th Cir. 2001).
[6] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003); *Delhomme v. Caremark Rx Inc.*, 232 F.R.D. 573, 579 (N.D. Tex. 2005).
[7] *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.051; *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002).
[8] *See Van Tassel v. State Farm Lloyds*, No. 4:14-CV-2864 (S.D. Tex., 2015); *Fernandez v. Mut. of Omaha Ins. Co.*, No. H-13-3558 (S.D. Tex., 2014); *Spicewood Summit v. America First Lloyd's*, 287 S.W.3d 461, 464 (Tex. App.-Austin 2009, pet. denied); *Barth v. Royal Ins. Co.*, No. 13-02-688-CV (Tex. App. – Corpus Christi 2004, no writ); *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex.App.-Texarkana 1997, no writ); *Bazile v. Aetna Cas. & Sur. Co.*, 784 S.W.2d 73, 74 (Tex. App.—Houston [14th Dist.] 1989, writ dism'd).

insurance policies.[9]   In fact, the Texas Insurance Code actually requires individual accident and health insurance policies include a three-year limitations period like the provision included in the Policy.[10]   Section 1201.217 of the Texas Insurance Code provides **a**n individual accident and health insurance policy must contain the following provision:

> **Legal Actions**: An action at law or in equity may not be brought to recover on this policy before the 61st day after the date written proof of loss has been provided in accordance with the requirements of this policy. An action at law or in equity may not be brought after the expiration of three years after the time written proof of loss is required to be provided.

## APPLICATION OF LAW TO FACTS

16.     As a matter of law, the claims asserted in this lawsuit by Ladonna R. Fory and Dalton Taylor are barred by the contractual limitation provision in the Policy.   The date of loss is February 21, 2011.  Ladonna R. Fory and Dalton Taylor submitted claims on or about May 29, 2011.  Taking this date is "as soon as possible," then it was the deadline for filing the proof of loss.  The three years to file suit expired on May 29, 2014.  Suit was filed on September 18, 2015.  Thus, the suit filed by Ladonna R. Fory and Dalton Taylor is barred as a matter of law and neither of these Plaintiffs can state a claim upon which relief can be granted.

17.     Alternatively, and without waiving the foregoing, the absolute latest proof of loss could be filed is 1year and 90 days after the date of loss, which would be May 23, 2012.   Utilizing this date, any suit against Defendant by Ladonna R. Fory and Dalton Taylor must have been filed on or before May 23, 2015.  As these two Plaintiffs did not file suit until September 18, 2015, their

---

[9] *Watson v. Allstate Tex. Lloyd's*, 224 Fed. Appx. 335, 342 (5th Cir. 2007); *Van Tassel v. State Farm Lloyds*, No. 4:14-CV-2864 (S.D. Tex., 2015); *Fernandez v. Mut. of Omaha Ins. Co*., No. H-13-3558 (S.D. Tex., 2014); *Williams v. Allstate Fire & Cas. Ins. Co*., No. H-11-530 (S.D.Tex. 3-30-2012); *Spicewood Summit v. America First Lloyd's*, 287 S.W.3d 461, 464 (Tex. App.-Austin 2009, pet. denied); *Mangine v. State Farm Lloyds*, 73 S.W.3d 467, 470-71 (Tex. App. - Dallas 2002, pet. denied); *Kuzniar v. State Farm Lloyds*, 52 S.W.3d 759, 760 (Tex. App. - San Antonio 2001, pet. denied); *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 953 (Tex. App.- Corpus Christi 1998, no pet.); *Jett v. Truck Ins. Exch.*, 952 S.W.2d 108, 109 (Tex. App. - Texarkana 1997, no writ); *Bazile v. Aetna Cas. & Sur. Co.*, 784 S.W.2d 73, 74 (Tex. App. - Houston [14th Dist.] 1989, writ dism'd).
[10] Tex. Ins. Code § 1201.217

claims are barred as a matter of law.  Thus, the Complaint of Ladonna R. Fory and Dalton Taylor fails to state a claim upon which relief can be granted and should, as a matter of law, be dismissed.

## CONCLUSION

The claims of Ladonna R. Fory and Dalton Taylor set out in the Complaint should be dismissed with prejudice as same are barred by the contractual limitations period.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays the claims of Plaintiffs Ladonna R. Fory and Dalton Taylor be dismissed with prejudice, and for such other relief both general and special, at law or equity, to which Defendant may be entitled.

Respectfully submitted,

ADKERSON, HAUDER & BEZNEY, P.C.

BY:  */s/ Bernie E. Hauder*
BERNIE E. HAUDER
State Bar No. 09233600
bernie@ahblaw.net

1700 Pacific Avenue, Suite 4450
Dallas, Texas 75201-7323
214-740-2500 - Telephone
214-740-2501 - Facsimile

**ATTORNEYS FOR DEFENDANT**
**TRANSAMERICA PREMIER**
**LIFE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

      This is to certify that on this, the 18th day of November, 2015 a true and correct copy of the above and foregoing document has been forwarded to the counsel of record, as indicated below:

| | |
|---|---|
| Rashin Mazaheri | _____  Via Hand Delivery |
| DRYER & MAZAHERI, PLLC | _____  Via Certified Mail Return Receipt Requested |
| 111 Soledad, Suite 110 | _____  Via Facsimile |
| San Antonio, Texas 78205 | \_\_x\_\_  Via Electronic Service |

                                        */s/ Bernie E. Hauder*
                                        BERNIE E. HAUDER